IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Auto-Owners Insurance Company, | ) | C.A. No. 8:07-3233-HMH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION AND ORDER** |
| vs. | ) | |
| | ) | |
| Amanda L. Collins, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Amanda L. Collins' (Collins) motion for reconsideration, or alternatively to certify a question to the South Carolina Supreme Court. A motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal citation and quotation marks omitted).

In the motion, Collins reasserts her arguments and presents no new facts or evidence which alter the court's findings in its January 22, 2009 order. In addition, Collins has identified no clear error of law. Therefore, Collins' motion is denied.

In the alternative, Collins asks that the court certify a question to the South Carolina Supreme Court regarding "whether Collins qualifies as a resident relative under South Carolina

1

law." (Pl.'s Mem. Supp. Mot. Reconsideration 8.)  "Only if the available state law is clearly insufficient should the court certify the issue to the state court."  <u>Roe v. Doe</u>, 28 F.3d 404, 407 (4th Cir. 1994).  South Carolina law on the determination of whether a person qualifies as a resident relative is not clearly insufficient.  The court applied the <u>Waite</u> test for determining whether Collins qualifies as a resident relative, which was clearly adopted by the South Carolina Supreme Court in <u>State Farm Fire & Casualty Co. v. Breazell</u>, 478 S.E.2d 831 (S.C. 1996).  Thus, the court denies Collins' motion to certify this question to the South Carolina Supreme Court.

Therefore, it is

**ORDERED** that Collins' Rule 59(e) motion to alter or amend judgment, docket number 51, is denied.  It is further

**ORDERED** that Collins' alternative motion to certify, docket number 51, is denied.

**IT IS SO ORDERED**.

>                                       s/Henry M. Herlong, Jr.
>                                       United States District Judge

Greenville, South Carolina
February 25, 2009